COLE, et al., CO-ADMINISTRATORS *v.* ENTERPRISE FUNERAL HOME

No. 40211 October 1, 1956 89 So. 2d 699

*Boydstun & Boydstun,* Louisville, for appellants.

*Witherspoon & Compton,* Meridian, for appellee.

KYLE, J.

This case is before us on appeal by Joe Cole and Dewitt Cole, co-administrators of the Estate of Joe Cole, deceased, from a decree of the Chancery Court of Lauderdale County rendered in favor of the Enterprise Funeral Home for the allowance of funeral expenses.

Joe Cole died in Meridian on June 6, 1954. He was approximately 80 years of age at the time of his death. His estate consisted of a house and lot in the City of Meridian, which was later sold under an order of the court for $800, and a burial insurance policy in the sum of $125.00. Joe's wife had died in 1932, and Joe's nearest of kin were two first cousins, Deliah Rush and Annias Cole, both of whom resided in Kemper County. After Joe's death Grace Roberts, a niece of his wife, who had lived in the home of Joe and her aunt when she was a child, made arrangements with the Enterprise Funeral

Home for the burial of the deceased. Joe had purchased a cemetery lot on which his wife was buried and on which he expected to be buried. Grace Roberts lived in the City of Meridian and during the last years of Joe's life visited him regularly, did his washing, and brought him turnip greens. Joe told Sadie Jean and other neighbors that if anything happened to him they should call Grace Roberts. Grace testified that Joe told her that he wanted to be buried by the side of his wife and that "he wanted a decent funeral like she had, and not to be over $500.00, * * *." After his death Grace went to the funeral home and selected the casket and made arrangements for the funeral service which was to be held at the Methodist Church. Deliah Rush and Annias Cole came to the hospital to see Joe during his last illness, but because of their advanced ages did not return to Meridian to attend the funeral. Neither they nor any other relatives of the deceased made any objection to the funeral arrangements which Grace Roberts had made with the Enterprise Funeral Home.

The funeral home probated its claim for funeral expenses authorized by Grace Roberts in the amount of $469.00, less a credit of $125.00, being the amount of the burial policy, leaving a net amount due and unpaid in the sum of $344.00. The administrators, who are the sons of Annias Cole and Deliah Rush, contested the payment of the claim on three grounds: (1) That the amount of the expenditures for which payment was demanded was unreasonable and excessive, taking into consideration the value of the estate left by the decedent, and his station in life; (2) that the amount of the funeral expense should have been limited to the amount of the burial insurance policy; and (3) that the expenses incurred in excess of the amount of the burial insurance policy were incurred without the authorization of the heirs.

The only witness who testified concerning the reasonable value of the supplies furnished and services render-

ed by the funeral home was Etham E. Moore, a funeral director of the Webb Funeral Home in Meridian. Moore examined the account covering the funeral expenses and testified that in his opinion the cost of the casket, which was shown to be $325.00, was reasonable and that the amounts charged for the services, which included embalming the body of the deceased, hearse services, the digging of the grave and the furnishing of grave marker, flowers etc., were reasonable. Moore also stated that in his opinion the total amount of the funeral expenses was not excessive in a case where the deceased had left an unincumbered estate of the value of seven or eight hundred dollars. In Moore's opinion the $469.00 was a reasonable charge for the funeral furnished.

The chancellor found that the charges made by the funeral home were reasonable and in line with the charges made by undertakers in Meridian, and the chancellor allowed the claim and ordered the payment of same.

The main points argued by the appellants' attorneys as ground for reversal of the decree of the lower court are: (1) That the court erred in allowing the witness Moore to testify for the claimant as to the reasonableness of expenditures for the funeral; (2) that the court erred in its interpretation of the rule applicable to the allowance of claims for funeral expenses incurred in a case of this kind, in that the court based its ruling upon the reasonableness of the cost of the service actually rendered, and not upon the reasonableness of the amount expended considering the size of the estate and the station in life of the decedent.

But we think there is no merit in either of these contentions. The appellants admit that Moore's testimony was competent to prove the reasonableness of the charges made for the articles furnished and the services rendered by the funeral home. The chancellor had before him a record of the assets of the estate, which consisted of the burial insurance policy and the house and lot in

the City of Meridian. Whether the amount of the expenditure which the court was asked to approve was reasonable or unreasonable, taking into consideration the value of the estate and the station in life of the decedent, was a question for the chancellor to decide.

In Donald v. McWhorter, 44 Miss. 124, the Court said: "It is the duty of the administrator or executor to bury the deceased in a manner suitable to his degree in life, and the estate he leaves behind him. 2 Blk. Com., 508. Lord Coke said these funeral expenses are to be allowed of the goods of the deceased before any debt or duty whatsoever. The allowance may be more liberal as against legatees and distributees, than creditors as against the latter, the expense must be limited to what is really necessary. * * * Funeral expenses comprehend more than the shroud, the coffin and the grave. We know that in towns and cities it includes carriage hire to convey the family and friends to the place of interment. We think too, that where no injustice is done to creditors, a compliance with the last wishes of the dying, as to the style and character of the funeral, if not extravagant or unreasonable, violates no principle of the law."

It is well-settled, however, that in the absence of contrary testamentary provision, an expenditure for funeral expenses, tombstone, and the like must be reasonable in amount, taking into consideration the value of the estate left by the decedent, his solvency or insolvency, and his station in life, and if the personal representative is desirous of expending a greater sum than is reasonable in the particular case, he should first procure the assent of those entitled to the assets of the estate. 33 C.J.S., 1232, Executors and Administrators, par. 230 e.

What constitutes a reasonable amount in any particular case is a matter resting largely within the discretion of the court. Ridgeway v. Jones, 125 Miss. 22, 87 So. 461.

The chancellor in passing upon claims of this kind usually has before him a complete record of the assets

and liabilities of the estate, and in most cases the chancellor is able to determine what constitutes a reasonable amount to be allowed for funeral expenses, taking into consideration the value of the estate, and whether the estate is solvent or insolvent, without requiring additional evidence on that point. Unless additional evidence is necessary to enable the chancellor to determine the reasonableness of the expenditure, the chancellor may determine the question without requiring additional evidence, and in this case no additional evidence was required.

▇▇ ▇ The chancellor should exercise the utmost care to prevent excess charges for funeral expenses, especially in cases where the funeral arrangements are made by persons other than the heirs or next of kin. And where it appears that the claim for funeral expenses is unreasonable and excessive, the estate should not be held liable for the amount of the excess. In this case, however, the funeral arrangements had been made by the niece of Joe Cole's wife, who had lived in Joe's home many years during her childhood and who had maintained close contact with Joe during his declining years. It is true that she was not related by blood to the decedent, but the proof shows that the decedent looked upon her as the proper person to attend to his needs during his last illness and see that he received a decent burial. While the amount of the funeral expenses in this case was perhaps somewhat greater than we would have allowed, we cannot say that the chancellor abused his discretion in allowing the claim.

Other points have been argued in the appellant's brief, but none of these points require detailed consideration by us. The decree of the chancellor is therefore affirmed.

Affirmed.

*McGehee, C. J.*, and *Arrington, Ethridge* and *Gillespie,* JJ., concur.